UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**AMBER KENT-STEVENS,**

      **Plaintiff,**         Case No.: 8:24-cv-796-CEH-NHA

**v.**

**CHS EMPLOYEE GROUP LLC,**
**d/b/a YESCARE,**

      **Defendant.**

_____

## AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW, Plaintiff, AMBER KENT-STEVENS, by and through her undersigned counsel and sues the Defendant, CHS EMPLOYEE GROUP LLC d/b/a YESCARE ("YESCARE" or "DEFENDANT") and states as follows:

### JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331, 1367.

2. Venue lies within the United States District Court for the Middle District of Florida, Tampa Division because a substantial part of the events giving rise to this claim occurred in this Judicial District and is therefore proper pursuant to 28 U.S.C. 1391(b).

## PARTIES

3. Plaintiff, AMBER KENT-STEVENS, is an adult resident of Hillsborough County, Florida. At all times material, Plaintiff was an e1nployee of Defendant within the meaning of the Family and Medical Leave Act, the Americans with Disabilities Act, and the Florida Civil Rights Act.

4. Defendant, YESCARE, is a Foreign Limited Liability Company authorized and doing business in this Judicial District. At all times material, Defendant employed Plaintiff. At all ti1nes material, Defendant employed the requisite number of employees and, therefore, is an e1nployer as defined by the Family and Medical Leave Act, the Americans with Disabilities Act, and the Florida Civil Rights Act.

## GENERAL ALLEGATIONS

5. At all times material, Defendant acted with malice and reckless disregard for Plaintiff's federal and state protected rights.

6. At all times material, Plaintiff was qualified to perform her job duties within the legitimate expectations of her employer.

7. Plaintiff has retained the undersigned counsel to represent her in this action and is obligated to pay them a reasonable fee for their services.

8. Plaintiff requests a jury trial for all issues so triable.

## ADMINISTRATIVE PREREQUISITES

9. On April 2, 2024, Plaintiff timely filed a Charge of Discrimination against Defendant with the Equal Employment Opportunity Commission ("EEOC") and the Florida Commission on Human Relations ("FCHR").

10. A Dismissal and Notice of Rights was issued by the U.S. Equal Employment Opportunity Commission on July 22, 2024.

11. Plaintiff intends to move the Court to amend this Complaint once she meets all conditions precedent under the Florida Civil Rights Act.

## FACTUAL ALLEGATIONS

12. Plaintiff began her e1nployment on or about July 17, 2022 as a Certified Medical Assistant assigned to the Manatee County Jail (MCSO).

13. Plaintiff previously worked for YesCare's predecessor correctional medical contractor since December 2019.

14. On or about September 2023, YesCare hired medical provider Dr. Victor Deloach.

15. After Dr. Deloach's first six weeks of employment, Plaintiff and other co-workers made complaints to both Nicole Eckert (Director of Nursing) and Niki Graddies (former Health Services Administrator) about discriminating, harassing and unlawful behaviors of Dr. Deloach. These actions included racially

derogatory, sexually offensive comments and behaviors which included directing Plaintiff and others to perform duties outside their scope of practice and licensure.

16. Thereafter, Plaintiff was told that her concerns would be looked into and Dr. Deloach went out on leave.

17. On or about January 15, 2024, Plaintiff took an approved Family and Medical Leave Act absence.

18. On or about January 22, 2024, Plaintiff returned to work and in a frustrated tone was told to vacate her office because Dr. Deloach would be returning.

19. Plaintiff went to Nicole Eckert (Director of Nursing) and expressed her concern about Dr. Deloach returning and told her that she was uncomfortable being around him.

20. Plaintiff began clearing out her office as instructed and expressed to her co-workers how upset and concerned she was about Dr. Deloach's return.

21. Shortly thereafter, Plaintiff was summonsed to an office with Nicole Eckert (Director of Nursing) and Micki Streeter (current Health Services Administrator and her immediate Supervisor) and was informed that she was being terminated, directed to relinquish her badge and keycard and was walked out of the building.

## COUNT I
## FAMILY AND MEDICAL LEAVE ACT-INTERFERENCE

22. Plaintiff realleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1 to 21.

23. Plaintiff is an individual entitled to protection under the Family and Medical Leave Act (FMLA), 29 U.S.C. §2601, *et seq.*

24. Plaintiff is an eligible employee within the meaning of the FMLA because Plaintiff worked for Defendant for twelve (12) months, had at least 1,250 hours of service for the Defendant during twelve (12) months immediately preceding his eligible FMLA leave, and worked at a location where the Defendant had at least fifty (50) employees within seventy-five (75) miles.

25. Defendant is a covered employer under the FMLA in that it had fifty (50) or more employees in twenty (20) or more work weeks in the current or preceding calendar year.

26. Plaintiff suffered from a serious health condition within the meaning of the FMLA.

27. Defendant's actions interfered with Plaintiff's lawful exercise of her FMLA rights. Specifically, Defendant failed to offer Plaintiff leave under the FMLA (block and/or intermittent) for which Plaintiff was qualified. Moreover, Defendant failed to provide Plaintiff with leave under the FMLA and therefore

interfered with Plaintiff's rights under the FMLA when it terminated Plaintiff's employment.

28. Defendant's actions constitute violations of the FMLA.

29. As a result of Defendant's unlawful actions, Plaintiff has suffered damages.

WHEREFORE, Plaintiff prays for the following damages against Defendant:

   a. Back pay and benefits;
   b. Prejudgment interest on back pay and benefits;
   c. Front pay and benefits;
   d. Liquidated damages;
   e. Attorneys' fees and costs;
   f. Injunctive relief; and
   g. For any other relief this Court deems just and equitable.

## COUNT II
## FAMILY AND MEDICAL LEAVE ACT-- RETALIATION

30. Plaintiff realleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1 to 21.

31. Defendant retaliated against Plaintiff in violation of the FMLA in that Plaintiff's request for FMLA leave was a substantial or motivating factor that prompted Defendant to take adverse employment actions against Plaintiff, including terminating Plaintiff's employment.

32. Defendant's actions constitute violations of the FMLA.

33. As a result of Defendant's actions Plaintiff has suffered damages.

WHEREFORE, Plaintiff prays for the following damages against Defendant:

    a. Back pay and benefits;

    b. Prejudgment interest on back pay and benefits;

    c. Front pay and benefits;

    d. Liquidated damages;

    e. Attorneys' fees and costs;

    f. Injunctive relief; and

    g. For any other relief this Court deems just and equitable.

## COUNT III
## TITLE VII - DISCRIMINATION

34. Plaintiff realleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1 to 21.

35. Plaintiff is a member of a protected class under Title VII.

36. By the conduct described above, Defendant engaged in unlawful employment practices and discriminated against Plaintiff in violation of Title VII of the Civil Rights Act.

37. Defendant knew, or should have known of the discrimination.

38. As a result of Defendant's unlawful discrimination, Plaintiff has

suffered and continues to suffer damages.

WHEREFORE, Plaintiff demands judgment against Defendant for the following damages:

    a.    Back pay and benefits;

    b.    Interest on back pay and benefits;

    c.    Front pay and benefits;

    d.    Compensatory damages for emotion pain and suffering;

    e.    Punitive damages;

    f.    For costs and attorney's fees;

    g.    Injunctive relief;

    h.    For any other relief this Court deems just and equitable.

## COUNT IV
## TITLE VII- RETALIATION

39.    Plaintiff realleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1 to 21.

40.    Plaintiff suffered an adverse employment action for opposing an employment practice made unlawful by Title VII.

41.    The above-described acts of retaliation constitute a violation of Title VII, 42 U.S.C. Section 2000 et seq.

42.    As a result of Defendant's unlawful retaliation, Plaintiff has suffered and continues to suffer damages.

WHEREFORE, Plaintiff prays for the following damages against Defendant:

    a. Back pay and benefits;

    b. Interest on back pay and benefits;

    c. Front pay and benefits;

    d. Compensatory damages;

    e. Pecuniary and non-pecuniary losses;

    f. Costs and attorneys' fees;

    g. Punitive damages; and

    h. For any other relief this Court deems just and equitable.

WHEREFORE, Plaintiff demands a trial by jury and Judgment against Defendant for an amount within the jurisdictional limits of this Court, to wit: More than Fifteen Thousand ($15,000.00) Dollars, plus costs, and for such other relief to which the Plaintiff may be Justly entitled.

## COUNT V
## DISCRIMINATION PURSUANT TO FLORIDA STATUTES CH. 760

43. Plaintiff realleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1 to 21.

44. Defendant discriminated against Plaintiff with respect to the terms, conditions, and privileges of employment, all in violation of a violation of *Florida Statutes,* Chapter 760 for which Defendant is liable.

45. As a result of Defendant's conduct set forth above, Plaintiff is entitled to compensation for any and all lost wages and benefits and reasonable attorneys' fees and costs.

46. Defendant acted intentionally, maliciously, willfully, wantonly and recklessly and in conscious disregard of Plaintiff's rights in discrimination against her and for such conduct, Defendant is liable for punitive damages.

47. Plaintiff has suffered pecuniary losses as a direct result of Defendant's discrimination.

48. Defendant engaged in discrimination against Plaintiff with malice and reckless indifference to Plaintiff's state and federal protected rights.

49. As a direct and proximate result of Defendant's discriminatory actions, Plaintiff has suffered damages.

WHEREFORE, Plaintiff prays for the following damages against Defendant

    a. Back pay and benefits;

    b. Interest in back pay and benefits;

    c. Front pay and future benefits;

    d. Compensatory damages for emotional damages;

    e. Other non-pecuniary damages;

    f. Punitive damages;

    g. Injunctive relief;

      h.      Attorneys' fees and costs, and

      i.      For such other relief this Court may deem just and equitable.

## COUNT VI
## FLORIDA CIVIL RIGHTS ACT- RETALIATION

50. Plaintiff realleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1 to 21.

51. Plaintiff suffered an adverse e1nploy1nent action for opposing an employment practice made unlawful by *Florida Statutes* Chapter 760.

52. The above described acts of retaliation constitute a violation of Florida Statutes Chapter 760 for which Defendant is liable.

53. As a result of Defendant's unlawful retaliation, Plaintiff has suffered and continues to suffer damages.

WHEREFORE, Plaintiff prays for the following damages against Defendant:

      a.      Back pay and benefits;

      b.      Interest on back pay and benefits;

      c.      Front pay and benefits;

      d.      Compensatory damages;

      e.      Pecuniary and non-pecuniary losses;

      f.      Costs and attorneys' fees;

      g.      Punitive damages; and

   h. For any other relief this Court deems just and equitable.

## DEMAND FOR JURY TRIAL

54. Plaintiff, AMBER KENT-STEVENS, de1nands a trial by jury on all issues so triable.

**DATED** this 27th day of March, 2025.

       **FLORIN I GRAY**

       *Wolfgang M. Florin*
       **WOLFGANG M. FLORIN, ESQ.**
       Florida Bar No.: 907804
       wolfgang@floringray.com
       **MIGUEL BOUZAS, ESQ.**
       Florida Bar No.: 48943
       rniguel@floringray.com
       16524 Pointe Village Drive, Suite 100
       Lutz, Florida 33558
       (727) 254-5255
       (727) 483-7942 (fax)

       *Trial Attorneys for Plaintiff*